IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
ANITA F. RUSHING,                        Civil No. 05-346-HO

              Plaintiff,                 ORDER

     v.

COMMISSIONER, Social Security
Administration,

_____Defendant.
```

Plaintiff appeals the decision of the Commissioner denying her application for disability insurance benefits. The decision of the Commissioner is reversed. Plaintiff's application is remanded to the Commissioner for further proceedings.

## Discussion

Plaintiff argues that the administrative law judge (ALJ) erred by rejecting her testimony, her husband's testimony, and the opinions of her treating physicians.

The ALJ misconstrued the record in finding that blood tests did not indicate arthritis or other conditions. (Tr. 22).

Although the test results included a negative rheumatoid factor, they nevertheless led treating rheumatology and immunology physician Dr. Charles May to suspect arthritis and prescribe anti-inflammatory medication. (Tr. 214). Dr. May never reversed this assessment, and continued to prescribe anti-inflammatory medication for years beyond plaintiff's date last insured. (Tr. 320-328). Dr. May's notes and his letters to Dr. Weeks document his repeated observations of diffuse swelling of plaintiff's hands, fingers, feet and ankles, and plaintiff's complaints of arthralgias. (Tr. 203-225, 320-328).

Dr. May's diagnosis is relevant to the Commissioner's determination of the credibility of the lay witnesses, who both testified that plaintiff is limited in her ability to manipulate objects. Lay witness credibility, in turn, is relevant to the determination of the weight that should be afforded Dr. Weeks's opinion, which is based in large part on plaintiff's subjective complaints. Although the ALJ erred by failing to find an impairment possibly explaining some of plaintiff's symptom testimony, the court cannot conclude that the ALJ must credit plaintiff's testimony as true, for the reasons cited by the ALJ. Therefore, remand is for further proceedings, including new credibility findings contained in a new decision. See Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir. 2003); Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The record does not

2 - ORDER

contain an opinion of Dr. May regarding plaintiff's functional limitations. The Commissioner may see fit to contact Dr. May for such an opinion on remand.

## Conclusion

The decision of the Commissioner is reversed. This matter is remanded to the Commissioner for further proceedings.

IT IS SO ORDERED.

DATED this   27th   day of April, 2006.

                                          s/ Michael R. Hogan
                                        United States District Judge